*E-FILED 7/14/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSANNE PALMER,<br><br>      Plaintiff,<br>  v.<br><br>I.C. SYSTEM, INC., ET AL.,<br><br>      Defendants.<br>_____/ | NO. 5:04-cv-3237 RMW (RS)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE RE: CONTEMPT AND DIRECTING CDC TO PROVIDE ADDITIONAL DOCUMENTS |

## I. INTRODUCTION

Plaintiff Susanne Palmer ("Palmer") served a subpoena duces tecum on non-party Child Development Centers ("CDC") on January 3, 2005. CDC did not object to the subpoena at that time and produced some responsive documents. Subsequently, on January 31, 2005, Palmer deposed a CDC corporate representative, pursuant to Fed. R. Civ. Pro. 30(b)(6), who testified to the existence of additional responsive documents, such as client collection files, quarterly inventory reports, and dispute letters. See Arons Declaration at Exh. 9. Thereafter, Palmer and CDC discussed a subsequent production by CDC, however, only one supplemental document was provided. As a result, the Court issued an order to show cause to CDC as to why it should not be held in contempt for its alleged failure to provide all responsive documents. In response, CDC objected to the requests and stated that, to the extent that the subpoena requested non-privileged, relevant materials, it had fully complied. As a result, CDC requests

that the Court discharge the order to show cause. Palmer contends that the objections filed by CDC are untimely and, therefore, seeks to compel CDC to comply with the subpoena and produce all remaining responsive documents. An order to show cause hearing was held on July 13, 2005. Based on all papers filed to date, as well as on the oral argument of counsel, the Court discharges the order to show cause and grants in part and denies in part the request to compel, for the reasons set forth below.

## II. BACKGROUND

Palmer, on behalf of herself and all others similarly situated, alleges that I.C. System, Inc. ("ICS"), a national collection agency, violated the Fair Debt Collection Practices Act ("FDCPA") and the California Unfair Competition Law ("CUCL") by attempting to collect undue fees and falsely threatening to file litigation which it did not intend to file. Palmer seeks to enjoin ICS from continuing its allegedly unlawful and predatory collection practices and to require that it compensate the putative class members for injury resulting therefrom. As of the date of this order, however, Palmer has not filed a motion for class certification.

Palmer seeks to compel non-party CDC, her son's daycare center which dishonored Palmer's check and turned the matter over to ICS for collection, to comply with a subpoena duces tecum served on CDC on January 3, 2005. The subpoena requests that the following documents be provided:

1. All documents concerning any dishonored check which Susan Palmer wrote to the Del Roble Child Development Center (CDC), including, but not limited to, communications with any banks, with I.C. System, Inc., or with Susanne Palmer.
2. All documents concerning IC System. This includes, but is not limited to, documents explaining IC System's collection practices and methods, reports received from, or provided to, IC System, and promotional material provided by IC System. In responding to this category, you may redact the name and address of any check writer identified in a document, with the exception of Susanne Palmer.
3. All documents that state or reflect any policy or practice of yours concerning your response to checks that do not clear on initial presentment.
4. All agreements between the CDC and IC System.
5. All documents containing or referring to communications between the CDC and IC System.

CDC was not represented by counsel at the time that it received the subpoena and, therefore, did not file any objections thereto. Subsequently, in February 2005, CDC retained counsel and, on July 6, 2005, served objections to the requested discovery on the grounds that the inquiries are not narrowly tailored and exceed the scope of discovery previously ordered in this action. CDC also claimed that the requests call for

2

the production of privileged information. Notwithstanding its objections, however, CDC contends that it has provided all non-privileged documents to Palmer.

## III. STANDARDS

Fed. R. Civ. Pro. Rule 26(b)(1) provided in pertinent part:

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party....For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Discovery may be limited by the court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

## IV. DISCUSSION

Although Palmer does not contend that CDC possesses additional documents concerning her first document request, she argues that, based on the deposition testimony of CDC's corporate representative, responsive documents exist regarding her second through fifth requests. Accordingly, Palmer requests that the Court order CDC to produce that discovery. Palmer notes that CDC failed to file timely objections to her subpoena, even after it retained counsel in February 2005, and, therefore, argues that all objections are waived.

CDC responds that, although failure to serve timely objections ordinarily waives all grounds for objection, in unusual circumstances and for good cause, the failure to act timely will not bar consideration of

**United States District Court**
For the Northern District of California

1  objections to a Rule 45 subpoena. McCoy v. Southwest Airlines Co., Inc., 211 F.R.D. 381, 386 (C.D.

2  Cal. 2002). Unusual circumstances exist where: (1) the subpoena is overbroad on its face and exceeds the

3  bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and, (3) counsel

4  for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance

5  prior to the time the witness challenged the legal basis for the subpoena. Id.

6        In this instance, CDC contends that the subpoena is overly broad and exceeds the scope of fair

7  discovery since it requests the production of "all documents concerning ICS and CDC." See Subpoena,

8  Requests Two, Four, and Five.  CDC points out that no time limitations or similarly narrowing constraints

9  are placed on these inquiries, despite the fact that the relationship between CDC and ICS has existed since

10  1995 and the incident concerning Palmer occurred in 2002. Moreover, at the time that it was served with

11  the subpoena, CDC notes that it was not represented by counsel and acted in good faith to produce all

12  relevant, non-privileged documents.  Once counsel was retained, CDC states that it immediately began

13  discussing the subpoena with counsel for Palmer and produced a supplemental, non-privileged document.

14  CDC argues that Palmer is proceeding in bad faith by attempting to compel the production of additional

15  documents to which she is not entitled based on a prior order issued by the Court in the similar case titled,

16  Palmer v. Far West Collection Services, Inc., C-04-3027 RMW (RS).

17        The Court agrees that the unusual circumstances discussed in the McCoy case exist in the present

18  action and, accordingly, considers the objections raised by CDC, namely, that the document requests are

19  overly broad, call for the production of privileged information, and exceed the scope of the Court's order

20  issued in the Far West case.  The Court further finds that those objections are well-founded regarding all

21  but one of the document requests, since request numbers two, four, and five request, respectively, the

22  production of: "all documents concerning ICS;" "all agreements between CDC and ICS;" and, "all

23  communications between CDC and ICS," all of which are overly broad.

24        Request number three, on the other hand, seeks the production of documents "that state or reflect

25  any policy or practice of [CDC's] response to checks that do not clear on initial presentment."  That inquiry

26  is more narrowly tailored, does not call for the production of privileged information since it requests only

27  materials related to the policy or practice of CDC, and does not exceed the scope of the Court's order

28

4

issued in the <u>Far West</u> case.  As a result, CDC shall provide all documents responsive to category three from the years 2000 to the present, as contained in the subpoena issued by Palmer to CDC on January 3, 2005, within ten (10) days of the date of this order.  In addition, since CDC states that it has withheld some documents on the basis of privilege, it shall provide a privilege log to Palmer within ten (10) days of the date of this order.  In all other respects, the motion to compel further production is denied.

## V. CONCLUSION

For the reasons stated, the Court discharges its order to show cause on CDC and grants in part and denies in part the request by Palmer to compel CDC to comply with the subpoena duces tecum issued on January 3, 2005.  CDC shall provide documents responsive to request number three in the subpoena, as limited above, to Palmer within ten (10) days of the date of this order.  CDC shall also provide a privilege log to Palmer, listing all documents withheld on that basis, within ten (10) days.  In all other respects, the request to compel production is denied.

IT IS SO ORDERED.

Dated: July 14, 2005                                             /s/ Richard Seeborg
                                                                 RICHARD SEEBORG
                                                                 United States Magistrate Judge

5

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Paul Arons     lopa@rockisland.com

O. Randolph Bragg     rand@horwitzlaw.com, shannon@horwitzlaw.com

June D. Coleman     jcoleman@mpbf.com, mellis@mpbf.com;fwilson@mpbf.com

Mark Ewell Ellis     mellis@mpbf.com, restrella@mpbf.com;npruitt@mpbf.com

Andrew Steinheimer     asteinheimer@mpbf.com, lmiller@mpbf.com;mellis@mpbf.com;vaxeman@mpbf.com

Ronald Wilcox     ronaldwilcox@post.harvard.edu

**Dated: 7/14/05**                                              **Chambers of Judge Richard Seeborg**

                                                                **By:     /s/ BAK**